UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00021-MOC

| | |
|---|---|
| **LILLIAN W. BROWN,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**NANCY A. BERRYHILL,** )<br>)<br>Defendant. ) | **ORDER** |

**THIS MATTER** is before the court on plaintiff's (#11) and defendant's (#13) cross Motions for Summary Judgment. The matter is ripe for review. Having carefully considered each Motion for Summary Judgment, the court enters the following findings and Order.

**FINDINGS AND CONCLUSIONS**

**I.    Administrative History**

On March 11, 2013, plaintiff filed an application for supplemental security income alleging disability beginning November 1, 2010. (Tr. 234). Plaintiff's application was initially denied on August 16, 2013, (Tr. 152), and again upon reconsideration on October 2, 2013. (Tr. 161). Plaintiff filed a request for hearing, and on July 13, 2016, Administrative Law Judge Susan Poulos ("ALJ") conducted a hearing attended by plaintiff and counsel. (Tr. 43-73). On August 31, 2016, the ALJ issued a decision denying plaintiff's claim. (Tr. 20). Plaintiff requested a review of this decision on September 19, 2016. (Tr. 19). On November 18, 2016, the Appeals Council denied plaintiff's request for review, rendering the ALJ's August 31, 2016 decision on the Commissioner's final decision in the case. (Tr. 1-6).

## II. Factual Background

The court adopts and incorporates the ALJ's factual findings herein as if fully set forth. Such findings are referenced in the substantive discussion which follows.

## III. Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, Smith v. Schwieker, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. Hays v. Sullivan, supra. The Fourth Circuit has explained substantial evidence review as follows:

> the district court reviews the record to ensure that the ALJ's factual findings are supported by substantial evidence and that its legal findings are free of error. If the reviewing court decides that the ALJ's decision is not supported by substantial evidence, it may affirm, modify, or reverse the ALJ's ruling with or without remanding the cause for a rehearing. A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. The record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence. If the reviewing court has no way of evaluating the basis for the ALJ's decision, then the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.

Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013) (internal citations and quotations omitted).

**II.     Substantial Evidence**

   **A.  Introduction**

The court has read the transcript of plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the relevant exhibits contained in the extensive administrative record. The issue is not whether a court might have reached a different conclusion had it been presented with the same testimony and evidentiary materials, but whether the decision of the administrative law judge is supported by substantial evidence. The court finds that the ALJ's decision was based on substantial evidence.

   **B.  Sequential Evaluation**

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title XVI pursuant to the following five-step analysis:

   a. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;

   b. An individual who does not have a "severe impairment" will not be found to be disabled;

   c. If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;

d. If, upon determining residual functional capacity (RFC), the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;

e. If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience, must be considered to determine if other work can be performed.

20 C.F.R. § 416.920(a)-(f). The burden of proof and production during the first four steps of the inquiry rests on the claimant. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. Id.

**C. The Administrative Decision**

At Step One of the sequential evaluation, the ALJ found that plaintiff had not engaged in substantial gainful activity since her application date, March 11, 2013. (Tr. 25). At Step Two, the ALJ found that plaintiff had the following severe impairments: obesity, loss of central visual acuity, affective disorder, and anxiety disorder. (Tr. 25). At Step Three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met medically or medically equaled a listed impairments. (Tr. 26).

Upon review of the record, the ALJ found that plaintiff had the residual functioning capacity ("RFC") to perform less than a full range of medium work as defined in 20 CFR 416.967(c), except that she was limited to,

> . . . occasional climbing; limited left near and far visual acuity and depth perception; occasional exposure to workplace hazards such as unprotected heights and dangerous machinery; limited to simple, routine, repetitive tasks; occasional

interaction with general public; no fast paced production rate work, and few, if any, workplace changes.

(Tr. 27). At Step Four, the ALJ found that plaintiff could no longer perform her past relevant work. (Tr. 35). At Step Five, the ALJ found that plaintiff could perform jobs existing in significant numbers in the national economy. (Tr. 35-37). Thus, the ALJ found that the plaintiff was not disabled under the Social Security Act from March 11, 2013 through the date of the ALJ's decision, August 31, 2016. (Tr. 37).

**D. Discussion**

The court has closely read plaintiff's memorandum of law (#12) supporting her Motion for Summary Judgment (#11). Plaintiff has made the following assignments of error:

I. The ALJ failed to provide a full function-by-function analysis of plaintiff's nonexertional mental functions associated with plaintiff's alleged mental impairments.

II. The ALJ failed to give legally sufficient reasons for finding plaintiff's testimony not credible.

(#12) at 5. The court will review these allegations of error to determine whether they are based upon substantial evidence.

**1. Function-by-function analysis of nonexertional mental functions**

Plaintiff asserts that the ALJ erred in her assessment of the plaintiff's nonexertional capacity, alleging that the ALJ did not make a complete mental RFC assessment as required by SSR96-8p. (#12) at 5. Social Security Ruling 96-8p explains the "[RFC] assessment must include a narrative discussion describing how the evidence support each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g. daily activities, observations)." Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015) (quoting SSR 96-8p, 61 Fed.

Reg. at 34, 475). The RFC assessment "must include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted with the medical and other evidence." S.S.R. 96-8p, 1996 WL 37184, at *7. Remand may be appropriate where "an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." Mascio, at 636 (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2nd Cir. 2013) (per curiam)).

Plaintiff's argument is two-fold. First, plaintiff argues that the ALJ failed to make a finding as to plaintiff's ability to stay on task. (#12) at 6. Second, plaintiff asserts that the ALJ failed to provide an explanation of the effect of plaintiff's restrictions in activities of daily living on her ability to engage in work activity. (#12) at 9.

Taking plaintiff's first argument first, plaintiff asserts that the ALJ did not adequately address her ability to stay on task. Plaintiff alleges that, as in Mascio, the ALJ did not ascertain claimant's ability to stay on task for an entire workday. (#10) at 6-7. In Mascio, the court determined remand was appropriate because it found that moderate limitations in concentration, persistence, and pace are not adequately accounted for in the RFC by only limiting the claimant to simple, routine tasks or unskilled work. Id. While plaintiff heavily relies on Mascio, that case is distinguishable here.

In the instant case, the record demonstrates that the ALJ discussed and evaluated evidence relating to plaintiff's ability to stay on task before limiting plaintiff to simple, routine repetitive tasks. The ALJ discussed treatment notes from Dr. Steinmuller, a consultative psychiatrist, who noted that plaintiff did not appear to be distracted by internal or external stimuli, was concrete in

her thinking, and described plaintiff's thoughts as "organized and coherent." (Tr. 29). Also discussed by the ALJ is the consultative psychological evaluation performed by Dr. Rosalyn Walker, who noted that plaintiff was able to understand, retain, and follow instructions. (Tr. 30). The ALJ also noted that when evaluated at CMC Behavioral Health Center Outpatient Progress, plaintiff's mental status exam was unremarkable in all domains. (Tr. 31-32). Overall, mental health records indicate that although plaintiff was dealing with unresolved bereavement issues and recurrent situational issues, plaintiff "met her goals" in therapy and she was hopeful about the future. (Tr. 34).

As to plaintiff's second argument, related to daily living and work activities, the record demonstrates that the ALJ did provide a detailed assessment of plaintiff's alleged difficulties of daily living, and explained how these limitations impacted plaintiff's RFC. In her discussion of a Function Report filed by plaintiff in April of 2013, the ALJ noted that plaintiff prepared meals, performed household chores when not in pain, often went outside for walks without assistance, shopped once a month for food and clothes, handled finances, and finished what she started. (Tr. 33-34). While living in a homeless shelter, the ALJ noted that plaintiff cleaned bathrooms, swept, mopped, washed dishes, wiped down trays in the food line, washed pans, put up cups and napkins, and put coffee in filters. (Tr. 28). Plaintiff also testified that she took care of her husband for 14 years until 2010. (Tr. 28-29). The ALJ also considered plaintiff's reports that she worked at her apartment complex's pool for a summer. (Tr. 32). In March of 2014, plaintiff reported that she started regular exercise with an indoor treadmill and bicycle, ultimately losing at least 60 pounds. (Tr. 32, 34). The ALJ noted that this weight loss should mitigate the effects of obesity on plaintiff's ability to work (Tr. 34) and that mental health recordsId.indicated that plaintiff planned to obtain

a driver's license, get a job in housekeeping or as a certified nurse assistant, and return to church. Id.

The ALJ also examined the medical record relating to plaintiff's activities of daily living. As discussed above, mental health records indicate that plaintiff met her goals in therapy, and that she planned to seek gainful employment outside her home. (Tr. 34). In addition to losing a significant amount of weight, plaintiff also stated that she intended to obtain surgery in August of 2016 to correct the cataract in her left eye. (Tr. 34). Thus, having substantially resolved the physical and mental limitations that plaintiff alleged prevented her from engaging in full work time activity, the ALJ concluded that the medical evidence in the record and plaintiff's own testimony supported a finding that plaintiff was capable of performing "medium" work with visual, postural, and environmental limitations. (Tr. 35).

Ultimately, it is the court's task to determine whether the ALJ's opinion was supported by substantial evidence, and the court cannot re-weigh the evidence or make the factual determination as to plaintiff's purported mental limitations. Here, the court is not "left to guess" as to how the ALJ arrived at her conclusions. Upon review of the ALJ's opinion, the ALJ adequately reviewed the extant record, including physical and mental health examinations, claimant testimony, and other materials, to provide support for the RFC.

### 2. Credibility of plaintiff's testimony

Plaintiff alleges that the ALJ's credibility determination as to her testimony lacked substantial evidentiary foundation. (#12) at 15. Specifically, plaintiff alleges that the ALJ failed to identify and explain what evidence she contends is inconsistent with plaintiff's testimony. (#12) at 16.

Social Security Ruling 96-8p explains that the RFC assessment "'must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).'" Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (quoting SSR 96-8p, 61 Fed. Reg. at 34,478). "'[A] necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling,' including 'a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence.' Id. (quoting Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013)). A court must not be "left to guess" as to how the ALJ arrived at her conclusions, Mascio v. Colvin, 780 F.3d 632, 637 (4th Cir. 2015), especially credibility determinations. Indeed, the ALJ has an affirmative duty to explain the reasons why she chose to not fully credit the plaintiff's testimony. In Hatcher v. Secretary, 898 F.2d 21, 23 (4th Cir. 1989), the Court of Appeals for the Fourth Circuit held that

> it is well settled that: "the ALJ is required to make credibility determinations--and therefore sometimes make negative determinations-- about allegations of pain or other nonexertional disabilities. . . . But such decisions should refer specifically to the evidence informing the ALJ's conclusion. This duty of explanation is always an important aspect of the administrative charge, . . . and it is especially crucial in evaluating pain, in part because the judgment is often a difficult one, and in part because the ALJ is somewhat constricted in choosing a decisional process."

Id. (quoting Hammond v. Heckler, 765 F.2d 424, 426 (4th Cir. 1985) (citations omitted)).

Inapposite to plaintiff's assertion, the ALJ discusses a great deal of evidence related to plaintiff's reports of her allegedly disabling symptoms. The ALJ noted several items from plaintiff's own testimony that do not comport with plaintiff's earlier statements concerning the intensity, persistence, and limiting effects of her impairments. As discussed above, the ALJ noted plaintiff's reports that she was able to exercise, walk outside, garden, socialize with neighbors, go

to church, clean bathrooms, sweep, mop, wash dishes, cook, shop, and manage finances. (Tr. 26, 28, 32-33). The ALJ also discussed the medical record at length, which demonstrated that plaintiff had substantially resolved her alleged physical and mental limitations by losing a substantial amount of weight and meeting her goals in therapy. (Tr. 34). Plaintiff also represented to the ALJ that she was having cataract surgery on her left eye in August of 2016. (Tr. 34). The ALJ noted that the mental health records indicated that plaintiff intended to obtain a driver's license, and get a job in housekeeping or as a certified nurse assistant. (Tr. 34). The ALJ discussed that upon evaluation by CMC Behavioral Health Center, plaintiff's mental status examinations were consistently unremarkable in all domains. (Tr. 31-32). The ALJ also noted that no medical professional in the record limited plaintiff's activities in any way. (Tr. 35).

It is well established that an ALJ need not accept a claimant's subjective evidence to the extent that it is inconsistent with the available evidence. Hines v. Barnhart, 453 F.3d 559, 565 (4th Cir. 2006) (citing Craig v. Chater, 76 F.3d 585, 595 (4th Cir.1996)). In the instant case, the ALJ adequately discussed and explained her finding that plaintiff's testimony lacked credibility and support from the available evidence.

**E. Conclusion**

The undersigned has carefully reviewed the decision of the ALJ, the transcript of proceedings, plaintiff's motion and brief, the Commissioner's responsive pleading, and plaintiff's assignment of error. Review of the entire record reveals that the decision of the ALJ is supported by substantial evidence. See Richardson v. Perales, supra; Hays v. Sullivan, supra. Finding that there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra at 401, plaintiff's Motion for Summary Judgment will

be denied, the Commissioner's Motion for Summary Judgment will be granted, and the decision of the Commissioner will be affirmed.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

(1) The decision of the Commissioner, denying the relief sought by plaintiff, is **AFFIRMED;**

(2) Plaintiff's Motion for Summary Judgment (#11) is **DENIED;**

(3) The Commissioner's Motion for Summary Judgment (#13) is **GRANTED;** and

(4) This action is **DISMISSED**.

Signed: August 21, 2017

Max O. Cogburn Jr.
United States District Judge